UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHNNY ROBERTS,

      **Petitioner,**

**vs.**                                **Case No. 8:04-CV-272-T-27EAJ**

**JAMES McDONOUGH,**[1]

      **Respondent.**

_____/

## ORDER

Petitioner, a State of Florida inmate proceeding *pro se*, initiated this cause of action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 1998 convictions entered in the Tenth Judicial Circuit Court, Polk County, Florida (Dkt. 1). Respondent has filed a response to the petition (Dkt. 10), and Petitioner has filed a reply thereto (Dkt. 12). The matter is now before the Court for consideration on the merits. An evidentiary hearing is not required for the disposition of this matter. Rules Governing Section 2254 Cases 8(a).

### Background

Petitioner was charged by Information with possession of cannabis with intent to sell or deliver (Count I), sale of cannabis (Count II), resisting an officer with violence (Count III), battery on a law enforcement officer (Count IV), possession of paraphernalia (Count V), and possession of cocaine (Count VI) (Dkt. 11, Ex. 13, Vol. I at R. 41-46). Represented by court-appointed counsel, Petitioner proceeded to trial by jury on January 12, 1998. The

---

[1]James McDonough, the current Secretary of the Florida Department of Corrections, is substituted as the proper party respondent for James V. Crosby, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

jury returned guilty verdicts on all charges (Dkt. 11, Ex. 13, Vol. I at R. 48-53). Petitioner

was sentenced on February 4, 1998 as an habitual felony offender to serve a term of 10

years on Counts I-IV and VI, respectively, with the sentences to run concurrently and credit

for time served, and time served on Count V (Dkt. 11, Ex. 13, Vol. I at R. 57).

Represented by court-appointed counsel, Petitioner filed a direct appeal asserting

that the trial court erred in imposing an habitual offender sentence on the drug charges and

in denying Petitioner's request for a jury instruction on the justifiable use of nondeadly force

(Dkt. 11, Ex. 1).  Petitioner's convictions were affirmed, but the sentences on two of the

drug convictions (Counts I and VI) were reversed, with the appellate court finding as

follows:

> Johnny Roberts was charged, in a six-count information, with various drug
> offenses; resisting an officer with violence; and battery on a law enforcement
> officer. Roberts was tried and found guilty on all counts. He raises two
> arguments on appeal, the first of which alleges a sentencing error and
> requires reversal. Roberts also assigns error to the trial court's denial of his
> request for a special jury instruction on the use of nondeadly force; however
> we reject this argument. *Because the record before us indicates that Roberts
> failed to present any evidence in support of his theory of self-defense, a
> special instruction was not in order. See McInnis v. State*, 642 So.2d 831
> (Fla. 2d DCA 1994).
>
> Although Roberts failed to file a motion to correct this sentence below, the
> sentencing error he alleges is serious and patent on the face of the record
> and may therefore be reviewed for the first time on direct appeal. See Fla. R.
> Crim. P. 3.800; *Gregory v. State*, 739 So.2d 100 (Fla. 2d DCA 1999).
> Roberts received habitual offender sentences for possession of cannabis
> with intent to sell; sale of cannabis; resisting an officer with violence; battery
> on a law enforcement officer; and possession of cocaine, Counts I-IV and VI,
> respectively. Roberts contends that Counts I, II and VI (possession of
> cannabis with intent to sell; sale of cannabis; and possession of cocaine) are
> not subject to habitualization pursuant to section 775.084, Florida Statutes
> (1997).
>
> Section 775.084 is clear, as is case law. Only drug offenses relating to the
> purchase or the possession of controlled substances are exempt from
> habitualization; defendants sentenced for offenses relating to the sale of

narcotics do not enjoy the benefit of this statutory exemption. *See* §
775.084(1)(a); *see also Brown v. State*, 744 So.2d 1184 (Fla. 2d DCA 1999)
(reversing habitual felony offender sentence for possession of cocaine with
intent to sell); *Salters v. State*, 731 So.2d 791 (Fla. 2d DCA 1999) (reversing
habitual felony offender sentence for possession of cocaine). Thus, Roberts'
sentences for Counts I and VI were improperly enhanced under the habitual
felony offender statute. The sentence imposed for Count II, however, was
not. We, therefore, reverse and remand for resentencing on Counts I and VI.
Roberts' judgment and sentences are affirmed in all other respects.

*Roberts v. State*, 753 So.2d 136 (Fla. 2d DCA 2000) (emphasis added). Petitioner's motion

for rehearing was denied on March 7, 2000 (Dkt. 11, Ex. 4). On June 9, 2000, Petitioner

was resentenced to a term of 10 years in prison on Counts I and VI. He did not appeal the

resentencing judgment.

On May 21, 2000, Petitioner filed an application for state post-conviction relief

pursuant to Fla. R. Crim. P. 3.850, *see* Dkt. 11, Ex. 13, Vol. 1 at R. 73-86, which he

supplemented on October 3, 2000, *see id.* at R. 97-111. The grounds in Petitioner's 3.850

motion were: "(1) Ineffective Assistance of Counsel; (2) Florida Statutes § 843.01 and

§748.07 violates [sic] the double jeopardy clause of the Fifth Amendment; (3) Petitioner's

sentence under Chapter 784.07 and 775.084 violate the double jeopardy clause; and (4)

Petitioner's sentence of ten years for sales of cannabis (count -2) is illegal and a violation

of double jeopardy." (Dkt. 11, Ex. 13, Vol. 1 at R.103). Petitioner alleged that trial counsel

rendered ineffective assistance in (1) failing to inform Petitioner that his testimony was

necessary to assert a claim of self-defense; (2) refusing to allow him to testify on his own

behalf; and (3) failing to move for a judgment of acquittal and include the battery of a law

enforcement officer conviction in the "Statement of Judicial Acts to be Reviewed" for

purposes of appeal (Dkt. 11, Ex. 13, Vol. 1 at R. 103-107). The trial court directed the

State to respond to Petitioner's ineffective assistance of counsel claims and summarily

disposed of all of Petitioner's other claims. Petitioner was furnished collateral counsel and

an evidentiary hearing on the remaining ineffective assistance of counsel claims was held

on June 15, 2001. At the conclusion of the Rule 3.850 evidentiary hearing, post-conviction

counsel abandoned the claim that trial counsel refused to allow Petitioner to testify, stating:

> I think the testimony that is presented before the Court today, as well as the transcript which I just provided to the Court, shows that the claim in number 1B is pretty much without merit. I think the overwhelming evidence is that [Petitioner] was fully advised as to his right to testify, the merits of testifying versus not testifying, and he relied on the advice he received from his attorney and made a conscious decision not to testify.

*Id.* at 176-77. The trial court denied Petitioner's Rule 3.850 motion on July 9, 2001 (Dkt.

11, Ex. 13, Vol. II at R. 181-84).

Petitioner appealed the trial court's rejection of his Rule 3.850 motion, arguing that

his decision not to testify was based on misadvice by trial counsel (Dkt. 11, Ex. 6). On June

26, 2002, the state district court affirmed, per curiam, the trial court's decision, without

written decision (Dkt. 11, Ex. 10). *Roberts v. State*, 823 So.2d 780 (Fla. 2d DCA 2002)

(table decision). The mandate issued July 29, 2002 (Dkt. 11, Ex. 12).

Petitioner filed a *pro se* motion to correct an illegal sentence under Fla. R. Crim. P.

3.800(a) on August 22, 2002 (Dkt. 11, Ex. 14). The trial court entered an order on

November 4, 2002 summarily denying Petitioner's Rule 3.800(a) motion (Dkt. 11, Ex. 15).

On January 29, 2003, the state district court per curiam affirmed the trial court's rejection

of the Rule 3.800(a) motion without written opinion (Dkt. 11, Ex. 17). *Roberts v. State*, 847

So.2d 473 (Fla. 2d DCA 2003) (table decision). Petitioner's motion for rehearing was

denied on March 4, 2003, and the mandate issued April 8, 2003 (Dkt. 11, Ex. 18).

Petitioner filed the instant petition for federal habeas relief on February 10, 2004. Respondent acknowledges that the petition is timely, but asserts that Petitioner has failed to meet the criteria for relief under § 2254(d) and (e).

### Standard of Review

Pursuant to 28 U.S.C. § 2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where a state court initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. § 2254(d) governs the review of those claims. *See Penry v. Johnson,* 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003).

Habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim:

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *Price v. Vincent*, 538 U.S. 634, 638-39 (2003); *Clark v. Crosby*, 335 F.3d 1303, 1308 (11th Cir. 2003). Even where a state court denies an application for post-conviction relief without written opinion, in this circuit that decision is entitled to the same

deference as if the state court had entered written findings to support its decision. *See Wright v. Sec. of Dep't. of Corrs.*, 278 F.3d 1245, 1255 (11th Cir. 2002).

The failure of a federal habeas petitioner to adhere to state procedural rules will bar federal review of those claims in a subsequent federal habeas corpus proceeding. *See Wainwright v. Sykes*, 433 U.S. 72 (1977); *Sims v. Singletary,* 155 F.3d 1297, 1311 (11th Cir. 1998). The federal habeas court must defer to the state court's interpretation of its procedural rules, and must enforce those rules as well as enforcing the procedural rulings of the state courts. *See Lindsey v. Smith*, 820 F.2d 1137 (11th Cir. 1989).

This Court cannot presume that a Florida court ignores its own procedural rules when it issues only a one-sentence denial of relief, which is essentially a summary dismissal. Such a ruling does not suggest that the state court resolved the issue on the federal claim presented. *See Coleman v. Thompson*, 501 U.S. 722, 735-36 (1991); *Kight v. Singletary*, 50 F.3d 1539, 1544-1545 (11th Cir. 1995) (applying procedural bar where state court's summary dismissal did not explain basis for ruling); *Tower v. Phillips*, 7 F.3d 206, 209 (11th Cir. 1993) (applying bar where state court did not rule on claims presented).

Finally, a state court's factual finding is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Henderson*, 353 F.3d at 890-91.

### Discussion

Since Petitioner's conviction was entered after AEDPA was enacted, his petition is subject to the provisions thereof. Because a state court initially considered the issues raised in the petition and entered a decision on the merits, § 2254(d) governs the review of Petitioner's claim. *See Mobley v. Head,* 267 F.3d 1312, 1316 (11th Cir. 2001).

Petitioner presents one ground for relief in his petition, raising two distinct issues:

Counsel was ineffective when he interfered with Petitioner's right to testify and present a self-defense claim which counsel was aware that Petitioner wanted to put on.

Counsel advised the Petitioner that testifying would not be in his best interest due to the State would cross-examine him about his prior drug charges and because his current case also involved drugs.

Further, Counsel at no time advised Petitioner that his testimony was required in order to raise a defense of self defense. It was because of this advice that Petitioner decided not to testify. . . .

As the result of counsel's incorrect advice regarding the use of his prior convictions as impeachment, that is, when he testifies, the jury will hear the specific nature of his prior offenses, and the defendant demonstrates that based upon the misleading information he didn't testify then he has made a sufficient claim to establish that trial counsel was ineffective in his performance. . . .

Had counsel not given Petitioner the incorrect advice, he would have testified, which he would have stated that he thought that the officers "two plain cloths" [sic] were parading themselves as officers to rob him. He reached this conclusion because he was accosted by two individuals who were in plain cloths [sic] with police badges just two days prior to the instant arrest. This is the reason the Petitioner ran and resisted.

Dkt. 1 at 5-8.

Respondent asserts that Petitioner's claim that trial counsel advised him that testifying was not in his best interest because the state would cross-examine him about his prior drug convictions is procedurally barred on independent and adequate state procedural grounds. A review of the record confirms that Petitioner did not allege in his Rule 3.850 motion that trial counsel advised him that the nature of his prior drug offenses or details thereof would be elicited should he take the stand.

When Petitioner attempted to raise this issue on collateral appeal, the State expressly raised Florida's procedural rules, asserting Petitioner's argument that his trial

counsel interfered with the right to testify by rendering incorrect information as to his prior criminal record was a new assertion of ineffective assistance of counsel which was procedurally barred. The State addressed the merits of this claim in the alternative (Dkt. 11, Ex. 9).

Under the rules governing post-conviction relief in Florida courts, claims not presented in a petitioner's Rule 3.850 motion cannot be raised for the first time on appeal. *See Griffin v. State*, 866 So.2d 1, 11 n.5 (Fla. 2003) (a new basis for a claim that was presented in the Rule 3.850 motion cannot be raised on appeal); *Doyle v. State*, 526 So.2d 909, 911 (Fla. 1988) (finding that post-conviction claim raised for the first time on appeal was procedurally barred).

Because the state appellate court affirmed per curiam without written opinion, the state decision is presumed to rest on the procedural bar. *See Harmon v. Barton*, 8 94 F.2d 1268, 1270 (11th Cir. 1990) (where state trial court finds procedural default, state appellate court's silent affirmance is a finding of procedural default by the last state court to rule on the question) ; *see also, Agan v. Vaughn*, 119 F.3d 1538, 1549 (11th Cir. 1997) (rejecting contention that court could make an independent review of whether state had correctly applied its procedural default rule).

Therefore, unless Petitioner can show that either cause and prejudice or that the actual innocence exception applies to these claims, they are procedurally defaulted in this Court. *See, e.g., Coleman v. Thompson*, 501 U.S. at 735 n.1 (if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes). Cause

must ordinarily be something external to the defense. *Marek v. Singletary,* 62 F.3d 1295, 1302 (11th Cir.1995). To show prejudice, Petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady,* 456 U.S. 152 (1982).

In his reply to the response, Petitioner argues that even though he did not include this claim in his Rule 3.850 motion, because it was "mentioned" during the Rule 3.850 evidentiary hearing and "elaborated on and raised on appeal," the claim is not procedurally barred. This argument is foreclosed by the Florida Supreme Court's holding in *Doyle v. State*, 526 So.2d at 911.

Petitioner has not alleged valid cause to excuse his default in state court, and any allegation in that regard is barred by the two-year limitation of Rule 3.850, *see Whiddon v. Dugger*, 894 F.2d 1266 (11th Cir.) (recognizing and applying two-year bar of Rule 3.850), *cert. denied*, 498 U.S. 834, (1990), and Florida's successive petition doctrine governing Rule 3.850 motions. *See Zeigler v. State*, 632 So. 2d 48, 51 (Fla. 1993); *Foster v. State*, 614 So. 2d 455, 458 (Fla. 1992). Petitioner also fails to show that a fundamental miscarriage of justice will occur if this Court does not reach the merits of this claim. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986). The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar.

As the Eleventh Circuit observed in *Hill v. Jones*, "[a] petitioner is not entitled to a hearing on the threshold issues of cause and prejudice or manifest injustice without first proffering specific facts which support a finding that one of these exceptions to the

procedural default rule exists." 81 F.3d 1015 (11th Cir. 1996).   Without such a showing, a federal habeas court should not discuss the merits of a claim that has been procedurally defaulted in state court. *Kight v. Singletary*, 50 F.3d 1539, 1543 (11th Cir. 1995).

In the second prong of Petitioner's request for habeas relief, he faults trial counsel for failing to advise him that his testimony was required to raise a claim of self-defense. Having been raised in Petitioner's Rule 3.850 motion, at the state evidentiary hearing, and on collateral appeal, this aspect of Petitioner's claim is properly exhausted.

To establish a prima facie claim of ineffective assistance of counsel at trial, Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance is performance which is objectively unreasonable under prevailing professional norms. *Id.* at 688. Prejudice results when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The Eleventh Circuit has recognized that "[w]hen applying Strickland, we are free to dispose of ineffectiveness claims on either of its two grounds." *Sims v. Singletary*, 155 F.3d 1297, 1305 (1998) (citing *Oats v. Singletary*, 141 F.3d 1018, 1023 (11th Cir. 1998)).

"[T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (quoting *Burger v. Kemp*, 483 U.S. 776 (1987)). Because the ultimate resolution of ineffective assistance of counsel claims is a mixed question of law and fact, *Thompson v. Haley*, 255 F.3d 1292, 1297 (11th Cir. 2001); *Meeks v. Moore*, 216 F.3d 951, 959 (11th Cir. 2000), the presumption of correctness contained in § 2254(e)(1) does not apply to this

determination. *Parker v. Head*, 244 F.3d 831, 835-37 (11th Cir. 2001). State court findings

of historical facts made in the course of evaluating an ineffectiveness claim are, however,

subject to a presumption of correctness under 28 U.S.C. § 2254(e) unless the petitioner

demonstrates by clear and convincing evidence that they are incorrect, *see Williams v.

Taylor,* 529 U.S. 362, 412-13 (2000), a burden that Petitioner has failed to carry. *See* §

2254(e)(1) ("[A] determination of a factual issue made by a state court shall be presumed

to be correct. The applicant shall have the burden of rebutting the presumption of

correctness by clear and convincing evidence").

In rejecting this claim, the trial court found as follows:

> Testimony during the hearing centered on whether or not counsel
> failed to advise Defendant that his testimony was necessary to
> assert a claim of self-defense. After hearing testimony from both
> Defendant and his trial counsel, the Court finds that Defendant has
> failed to satisfy *Strickland.* Defendant's claim rested on a theory of
> self-defense. He was convicted of resisting an officer with violence
> and battery on a law enforcement officer. His trial counsel testified
> that he discussed the issue of testifying with Defendant at length.
> Trial counsel indicated that he had reservations about Defendant
> testifying based on his previous criminal record. Additionally,
> counsel noted that he even argued to the trial court that Defendant
> need not testify to receive the jury instruction of self-defense. The
> Court finds that counsel's performance does not fall below the level
> required by the first prong of *Strickland.*
>
> Defendant stated during the evidentiary hearing that his testimony
> during the trial would have been that he did not commit the
> offenses. The court concludes that, assuming arguendo that
> counsel was deficient for failing to advise him on the necessity of
> testifying, Defendant has failed to show prejudice. Although he
> claims self defense as the ground for ineffectiveness, his testimony
> would have been one of innocense [sic].

Dkt. 11, Ex. 13, Vol. 2 at R. 183.

The trial court set forth the correct standard of review for an ineffective assistance

of counsel claim. Thus, to be entitled to relief under § 2254, Petitioner must establish that

the trial courts's application of the *Strickland* standard in reaching the determination that

the claim raised in his Rule 3.850 motion lacks merit was objectively unreasonable or that

the decision "was based on an unreasonable determination of the facts in light of the

evidence presented." *See* 28 U.S.C. § 2254(d).

The thrust of Petitioner's "theory of omission" is that trial counsel should have told

him he would have to testify in order to present a claim of self-defense. During the Rule

3.850 evidentiary hearing, trial counsel, Robert Connolly, testified as follows:

State:       Let's get back to the issues that I need to just for a moment then.
             In answer to the prong that we were discussing regarding allowing
             the defendant to testify, did he insist that he needed to testify right
             up until trial?

Connolly:    No. No. No. We – my recollection is that we really didn't talk about
             it all the time.  We were focusing on the depositions and his
             contention that I think it was Officer Quinn, that would be the black
             officer, I called him – Officer Rodham was the white officer, right,
             240 and 280, they each weighted that amount.  He felt that the
             black officer would support his testimony to a certain degree.  And
             in the deposition testimony it turned out, and at trial, that Officer
             Quinn did support him to a certain degree.

State:       Were you able to elicit that testimony at trial, sir?

Connolly:    Yes. I believe Officer Quinn testified that he never saw [Petitioner]
             choking Officer Rodham, on top of him choking him, and he never
             saw [Petitioner] throw a punch at Officer Quinn which was the
             battery. So the strategy was to go with that and let the jury make
             the decision.  You know, the argument is that if Officer Quinn is
             holding him from the back, he surely would have seen the choking
             or the punch and he never saw anything.

State:       And then again, in summary of the other prong, the remaining
             prong, which was that he needed to testify to assert the claim of
             self-defense, is it your statement now that he did have a defense
             that was brought out through the testimony of other witnesses?

Connolly:    There is a different way of explaining it anyways.  My opinion, and
             I don't think that the strategy would have changed anyways

-12-

because of what he would have to testify about the sale of cannabis, which would have habitualized him, but my understanding was that under Florida law, that if there is any specter of self-defense evidence, then the person is entitled to the instruction. And I believe that that was developed through the testimony of the two officers and I had – remember looking at some other legal opinions at the time and I think there is something even in Florida that suggested that it applied. The [S]econd DCA opinion says that he didn't testify.[2] I have never seen that stated in Florida law, that a defendant has to testify in order to raise self-defense, and I believe that the case they cited to doesn't really stand totally for that proposition.

State:           Did you in fact request the self-defense instruction?

Connolly:      I did. I remember Judge Bentley precluding me from even talking about it in opening statement unless I could ensure that [Petitioner] was going to take the stand. Of course, we didn't even have to make that determination until later on in the trial and didn't feel that it was warranted, and there is case law from other states even that says that that might be a violation of rights, to require that up front.

. . . . .

Petitioner's atty:  Okay. Now, during that discussion did you talk to him about if he didn't take the stand, that he would not be allowed or you would not be allowed to present a self-defense argument?

Connolly:      On the battery of a law enforcement officer?

Petitioner's atty:  On either –

Connolly:      I told him that I believed that there would be a way to raise it anyways.

Petitioner's atty:  Now, the impression I got from reviewing the transcript, it appeared that you and Judge Bentley had a disagreement on this issue. Am I correct in believing that your position was that you genuinely thought that you could represent a self-defense claim at least as to

---

[2]During the Rule 3.850 evidentiary hearing, trial counsel and the post-conviction judge were, like Petitioner, under the impression that the appellate court rejected Petitioner's claim that the trial court erred in refusing to instruct the jury on the justifiable use of nondeadly force because Petitioner did not testify at trial. To the contrary, as set out above, the appellate court found that "[b]ecause the record . . . indicates that [Petitioner] *failed to present any evidence in support of his theory of self-defense*, a special instruction was not in order." *See Roberts v. State*, 753 So.2d at 138 (emphasis added).

-13-

one of the counts before the court without having to put [Petitioner] on the stand?

Connolly: That was my belief, yes.

. . . . .

Petitioner's atty: Did that belief also play a part in your advising Mr. Roberts that it would be in his best interest not to take the stand for the issues that you've already discussed but also because you believed you could ultimately present or make a self-defense argument without having to put him on the stand

Connolly: It would have been a factor to consider. It wouldn't' have been the paramount factor. I think the other things were paramount but I still believed I could get that in there and I think I conveyed that to [Petitioner].

. . . . .

Petitioner's atty: Okay. And then after having these discussions with Mr. Roberts, ultimately he followed your advice and chose not to take the stand?

Connolly: Right. I don't know what he focused on but the general advice –

Petitioner's atty: But it wasn't as if you were basically hog-tying him and saying I'm not going to let you take the stand, he made that decision of his own accord after carefully considering the advice you had given him as an attorney.

Connolly: Sure. I would think so, yes.

Dkt. 11, Ex. 13, Vol. II at R. 159-68 (footnote added).

Petitioner's assertion that trial counsel misstated the law by telling him that his own testimony was not a precondition to a claim of self-defense is fatally flawed. In Florida, the defendant's testimony is not a *per se* requisite for instructing the jury on the justifiable use of nondeadly force. *See, e.g., Hamilton v. State*, 703 So. 2d 1038, 1042 (Fla. 1997) ("[A] defendant is entitled to have the jury instructed on the rules of law applicable to his theory of defense *if there is any evidence to support such instruction*" (emphasis added).). *See also Kilgore v. State*, 271 So. 2d 148, 152 (Fla. 2d DCA 1972) ("If [a]ny evidence of a

-14-

substantial character is adduced, either upon cross-examination of State witness or upon direct examination of the defendant and/or his witnesses, the element of self-defense becomes an issue, and the jury, as the trier of the facts, should be duly charged as to the law thereon, because it is the jury's function to determine that issue."). Petitioner has failed to show that trial counsel's performance was deficient. *See Sims v. Singletary*, 155 F.3d at 1305.

The Court concludes that Petitioner has failed to establish that the state court's adjudication of this claim was contrary to or an unreasonable application of clearly established Federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). This claim will, therefore, be denied.

## CONCLUSION

For the foregoing reasons, the Court finds that Petitioner has not met the criteria for relief under 28 U.S.C. § 2254.

ACCORDINGLY, the Court **ORDERS** that:

1. The Petition for Writ of Habeas Corpus is **DENIED** (Dkt. 1).

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**ORDERED** in Tampa, Florida, on _March 27ᵗ_____, 2007.

JAMES D. WHITTEMORE
United States District Judge

SA:jsh
Copy to: All Parties/Counsel of Record